# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**DEANDRE JAMES,**

        Petitioner,

**v**.                                              **Civil Action No.:5:20-cv-248**
                                                 Judge Bailey

**PAUL ADAMS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On November 25, 2020, Deandre James, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction from the Eastern District of Michigan. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.   BACKGROUND[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on PACER and all ECF numbers are from that case. See United States v. James, 2:09-cr-20177-BAF-RSW-1. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On April 22, 2009, a federal grand jury returned a five-count Indictment, charging the petitioner with the following: Count 1- Carjacking, in violation of 18 U.S.C. § 2119(1); Count 2-Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); Count 3-High Sped Flight from Immigration Checkpoint in violation of 18 U.S.C. § 758; Count 4-Assault, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111; and Count 5-Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). [Doc.1].

The case went to trial, and on August 6, 2009, a jury found the petitioner guilty on all counts. [Doc. 16]. On December 3, 2009, the petitioner was sentenced to 180 months on Count 1; 60 months on Count 3 concurrent; 96 months on Count 4 concurrent; 120 months on Count 5 concurrent; and 180 months on Count 2 consecutive to Counts 1, 3, 4 and 5 for a total sentence of 360 months. [Doc. 20]. Although the petitioner alleges that he filed an appeal raising the reasonableness of his sentence, his criminal docket sheet and the website of the Sixth Court of Appeals fails to cooperate this allegation.

In 2016, the petitioner filed his first § 2255 motion, raising claims of ineffective assistance of counsel and challenging his § 924(c) conviction under <u>Johnson v. United States</u>, 576 U.S. 591 (2015). [Doc. 21]. The district court denied the motion [Doc. 24], and he did not appeal.  On July 16, 2019, the petitioner submitted a letter to the district court asking whether he could obtain relief under <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019). [Doc. 26]. The district court construed his letter as a § 2255 motion and transferred to the Sixth Circuit Court of Appeals for consideration of whether to authorize the filing of a second or successive § 2255 motion. [Doc. 30]. The Court of

Appeals denied authorization. In re James, No. 19-2063 (6th Cir. Mar. 20, 2020).

On September 16, 2019, the petitioner filed two separate motions in the district court for the appointment of counsel. In each, he sought relief from his § 922(g) conviction under Rehaif v. United States, 139 S.Ct. 2191, 2200 (2019). [Docs. 31, 32]. The district court construed the motions as under § 2255 and transferred them to the Sixth Circuit Court of Appeals for a decision as to whether to authorize their filing. [Doc. 37]. The petitioner was then directed to file a corrected motion for an order authorizing the district court to consider his second or successive § 2255 motion, in which he reiterated his Rehaif claim, and the government filed a response in opposition. The Court of Appeals denied the motion because the petitioner conceded that his claims did not rely on newly discovered evidence and because Raheif is a matter of statutory interpretation, not a new rule of constitutional law. In addition, the Court of Appeals noted that Raheif has not been made retroactive on collateral review. In re Deandre James, No. 20-1371 (6th Cir. Nov. 16, 2020).

### III. STANDARD OF REVIEW

A. **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.     CLAIMS OF THE PETITION

The petitioner alleges that he can no longer be convicted under 18 U.S.C. § 922(g)(1) following the decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). More specifically, the petitioner argues that while the indictment alleged that he was a felon, it did not allege that he knew he was a felon. In addition, he alleges that the indictment failed to charge a violation of 18 U.S.C. § 924(c). For relief, the petitioner requests that his § 922(g) conviction be vacated.

### V.     APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their

convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's

savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  *See* United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  Where, as here, a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

---

[2] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

6

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## VI.   ANALYSIS

Although the petitioner has not raised the savings clause, he is not entitled to its application. Even if the petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

In Rehaif, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his

status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2008) (citing United States v. Langley, 62 F.3d 1995), abrogated by Rehaif, 139 S.Ct. 2191). Therefore, the first prong of the Jones test is satisfied.

However, the petitioner cannot satisfy the second requirement. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Swindall v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense and therefore he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 728-4989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by

8

2019 WL 5616884 (D.S.C. Oct. 31, 2019) see also Moss, 2019 WL 7284989, at *6-7.[3]

Consequently, because the petitioner attacks the validity of his conviction and sentence and fails to establish that he meets all the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

### VII. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

---

[3] Likewise, the Sixth Circuit has held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." Khamisi-El v United States, 800 Fed. Appx. 344, 349 (6th Cir. 2020). Courts throughout the Sixth Circuit have recognized that Rehaif does not apply retroactively to cases on collateral review. See United States v. Conley, 5:10-CR-00490, 2020 WL 2933560 N.D. OH, June 3, 2020) (collecting cases).

9

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED: February 1, 2021**

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE