# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**DEANDRE JAMES,**

        Petitioner,

v.                                    **CIVIL ACTION No. 5:20-CV-248**
                                               Judge Bailey

**PAUL ADAMS,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 1, 2021, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction from the Eastern District of Michigan.[1] On April 22, 2009, a federal grand jury returned a five-count indictment, charging petitioner with: Count 1 - Carjacking, in

---

[1] Unless otherwise noted, the background information in this section is taken from Petitioner's criminal docket available on PACER. *See United States v. James*, 2:09-CR-20177-BAF-RSW-1 (E.D. Mi.).

1

violation of 18 U.S.C. § 2119(1); Count 2 - Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); Count 3 - High Sped Flight from Immigration Checkpoint in violation of 18 U.S.C. § 758; Count 4 - Assault, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111; and Count 5 - Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). On August 6, 2009, a jury found petitioner guilty on all counts. On December 3, 2009, petitioner was sentenced to 180 months on Count 1; 60 months on Count 3 concurrent; 96 months on Count 4 concurrent; 120 months on Count 5 concurrent; and 180 months on Count 2 consecutive to Counts 1, 3, 4, and 5 for a total of 360 months imprisonment.

In 2016, petitioner filed his first § 2255 motion, raising claims of ineffective assistance of counsel and challenging his § 924(c) conviction under *Johnson v. United States*, 576 U.S. 591 (2015). The district court denied the motion and petitioner did not appeal. On July 16, 2019, petitioner submitted a letter to the district court asking whether he could obtain relief under *United States v. Davis*, 139 S.Ct. 2319 (2019). The district court construed it as a § 2255 motion and transferred to the Sixth Circuit Court of Appeals for consideration of whether to authorize the filing of a second or successive § 2255 motion. The Sixth Circuit denied authorization. *See In re James*, No. 19-2063 (6th Cir. Mar. 20, 2020).

On September 16, 2019, petitioner filed two separate motions in the district court for the appointment of counsel, in which he sought relief from his § 922(g) conviction under *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019). The district court construed his motions as under § 2255 and transferred them to the Sixth Circuit Court of Appeals for a

decision as to whether to authorize their filing. Petitioner filed a corrected motion, in which he reiterated his *Rehaif* claim. The Sixth Circuit denied the motion because petitioner conceded that his claims did not rely on newly discovered evidence and because *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law. *In re Deandre James*, No. 20-1371 (6th Cir. Nov. 16, 2020).

In his petition before this Court, petitioner requests that this Court vacate the § 922(g)(1) conviction. *See* [Doc. 1 at 8]. In support of his request, petitioner relies on the recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). More specifically, petitioner argues that while the indictment alleged that he was a felon, it did not allege that he knew he was a felon.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889

3

F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the R&R [Doc. 10] on February 12, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. APPLICABLE LAW

28 U.S.C. §§ 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her incarceration. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district of the court of conviction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is the otherwise

4

subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. 28 U.S.C. §2255(h). Courts of appeals grant such request only if newly discovered evidence establishes "by a clear and convincing evidence that no reasonable fact finder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

On the other hand, a petition for writ of habeas corpus pursuant to § 2241 is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D. S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to § 2241. *In re Vial*, 115 F.3d at 1194, n.5; *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. *Id*.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Fourth Circuit has

5

announced two tests for evaluating whether a petitioner's claim satisfied the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. *See **United States v. Wheeler***, 88 F.3d 415, 428 (4th Cir. 2018); ***In re Jones***, 226 F.3d at 333–34. When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*Id.*

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the

sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court of the United States, would be enough to satisfy the second prong of the four-part test established in *Wheeler*. *Id*.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must satisfy the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of petitioner's claims. *Id*. at 423–26.

## IV. DISCUSSION

Petitioner argues that in the wake of the Supreme Court of the United States decision in *Rehaif*, his § 922(g) conviction should be vacated. Specifically, § 922(g) provides that "'[i]t shall be unlawful' for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons. . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly* violates' the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S.Ct. at 2194.

In *Rehaif*, the Supreme Court of the United States held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id*.

7

As explained above, this Court may not entertain petitioner's § 2241 petition unless petitioner can satisfy the conditions adopted in *Jones* or *Wheeler*. *See Asar v. Travis*, 2020 WL 1099391, at *5 (D. S.C. Feb. 10, 2010) ("To trigger the 'savings clause' of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler*, 886 F.3d 415 (challenges to sentences) or *In re Jones*, 226 F.3d 328 (challenges to convictions).").

Because petitioner attacks the validity of his conviction, this Court will examine whether he has met all the requirements articulated in *Jones*. This Court agrees with Magistrate Judge Mazzone's finding that petitioner has met the first requirement. Settled law of the Fourth Circuit or the Supreme Court of the United States at the time of petitioner's sentencing established the legality of his conviction and sentence. *See Jones*, 328 F.3d at 333–34. Moreover, the Fourth Circuit has explained that *Rehaif* abrogated prior circuit precedent. *See United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020) (citing *United States v. Langley*, 62 F.3d 602 (4th Cir. 1995)).

Similarly, Magistrate Judge Mazzone properly concluded that petitioner satisfies the third condition because *Rehaif* was a decision involving statutory interpretation rather than constitutional law. *See In re Wright*, 942 F.3d 1063, 1064–64 (11th Cir. 2009) (per curiam) ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).").

As articulated by Magistrate Judge Mazzone, however, petitioner cannot satisfy the second condition under *Jones* because *Rehaif* did not change substantive law. This is so

8

because the conduct for which petitioner was convicted is still illegal. *See Asar v. Travis*, 2020 WL 3843638 (D. S.C. July 8, 2020) (finding that being a felon in possession of a firearm remains a valid criminal offense); *Erby v. Brekon*, 2020 WL 1443154, at *7 (W.D. Va. Mar. 4, 2020) (citing cases); *Hoffman v. Brekon*, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, 2020 WL 469660, at *2 (N.D. W.Va. Jan. 29, 2020) (Bailey, J.) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Moss v. Dobbs*, 2019 WL 7284989, at *9 (D. S.C. Sept. 23, 2019) ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."). Moreover, this Court notes:

> [n]either the Supreme Court nor the Fourth Circuit has made *Rehaif* retroactive to cases on collateral review. Until such time, the Petitioner is not entitled to the relief he seeks. *See United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (stating that a § 2255 petitioner was not entitled to relief under *Apprendi* because that case was not retroactively applicable to cases on collateral review).

*Cherry v. United States*, 2020 WL 6480921, at *1 (E.D. Va. Nov. 4, 2020).

Petitioner filed objections on February 12, 2021. *See* [Doc. 10]. Petitioner presents two objections to Magistrate Judge Mazzone's R&R. First, petitioner argues that he *can* meet the second prong of *Jones* because "in the absence of knowledge of his status there is no criminal conduct." *See* [Id. at 1]. Second, petitioner, citing to *Baker v. United*

9

*States*, No. 19-6025 (6th Cir. 2020), argues that *Rehaif* is retroactive and applies to cases on collateral review. See [Id. at 2]. A *de novo* review of Magistrate Judge Mazzone's R&R and the grounds in support of petitioner's objections leads this Court to conclude that petitioner has failed to demonstrate satisfaction of the § 2255 savings clause for the reasons contained in the R&R and herein. Accordingly, petitioner's objections are overruled.

## V. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report and herein. Accordingly, petitioner's objections **[Doc. 10]** are **OVERRULED**. This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** March 11, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**