IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DEANDRE JAMES,**

        Petitioner,

v.                                                 CIVIL ACTION No. 5:20-CV-248
                                                    Judge Bailey

**PAUL ADAMS,**

        Respondent.

## ORDER RE-ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for reconsideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Mazzone [Doc. 8]. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction from the Eastern District of Michigan.[1] On April 22, 2009, a federal grand jury returned a five-count indictment, charging petitioner with: Count 1 - Carjacking, in violation of 18 U.S.C. § 2119(1); Count 2 - Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); Count 3 - High Speed Flight from Immigration Checkpoint in violation of 18 U.S.C. § 758; Count 4 - Assault, Resisting, or Impeding Certain

---

[1] Unless otherwise noted, the background information in this section is taken from Petitioner's criminal docket available on PACER. See *United States v. James*, 2:09-CR-20177-BAF-RSW-1 (E.D. Mi.).

1

Officers in violation of 18 U.S.C. § 111; and Count 5 - Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). On August 6, 2009, a jury found petitioner guilty on all counts. On December 3, 2009, petitioner was sentenced to 180 months on Count 1; 60 months on Count 3 concurrent; 96 months on Count 4 concurrent; 120 months on Count 5 concurrent; and 180 months on Count 2 consecutive to Counts 1, 3, 4, and 5 for a total of 360 months imprisonment.

In 2016, petitioner filed his first § 2255 motion, raising claims of ineffective assistance of counsel and challenging his § 924(c) conviction under **Johnson v. United States**, 576 U.S. 591 (2015). The district court denied the motion and petitioner did not appeal. On July 16, 2019, petitioner submitted a letter to the district court asking whether he could obtain relief under **United States v. Davis**, 139 S.Ct. 2319 (2019). The district court construed it as a § 2255 motion and transferred to the Sixth Circuit Court of Appeals for consideration of whether to authorize the filing of a second or successive § 2255 motion. The Sixth Circuit denied authorization. See **In re James**, No. 19-2063 (6th Cir. Mar. 20, 2020).

On September 16, 2019, petitioner filed two separate motions in the district court for the appointment of counsel, in which he sought relief from his § 922(g) conviction under **Rehaif v. United States**, 139 S.Ct. 2191, 2200 (2019). The district court construed his motions under § 2255 and transferred them to the Sixth Circuit Court of Appeals for a decision as to whether to authorize their filing. Petitioner filed a corrected motion, in which he reiterated his **Rehaif** claim. The Sixth Circuit denied the motion because petitioner conceded that his claims did not rely on newly discovered evidence and because **Rehaif** is a matter of

2

statutory interpretation, not a new rule of constitutional law. *In re Deandre James*, No. 20-1371 (6th Cir. Nov. 16, 2020).

In his petition before this Court, petitioner requests that this Court vacate the § 922(g)(1) conviction. *See* [Doc. 1 at 8]. In support of his request, petitioner relies on the recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). More specifically, petitioner argues that while the indictment alleged that he was a felon, it did not allege that he knew he was a felon.

By R&R entered February 1, 2021, Judge Mazzone found that this Court lacked jurisdiction to hear this matter. The magistrate judge found that because the petitioner attacks the validity of his conviction and sentence and fails to establish that he meets all the requirements of *In re Jones*, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Specifically, Judge Mazzone found that the petitioner could not satisfy the second element of *Jones* inasmuch as the crime for which he was convicted remains a criminal offense.

This Court adopted the R&R on March 11, 2021 [Doc. 11]. The petitioner appealed this Court's Order to the United States Court of Appeals for the Fourth Circuit. While this appeal was pending, the petitioner filed two motions to remand. The first motion seeks a remand on the basis that the Sixth Circuit found that the holding in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) is retroactive on collateral review in an unpublished decision styled *Baker v. United States*, No. 19-6025 (6th Cir. May 20, 2021). The *Baker* case did not, however, address the second prong of *Jones*, that is whether the crime for which James was convicted remains a criminal offense.

Petitioner's second request for remand followed the decision in which a judge in this District found that *Rehaif* constituted a change in the law sufficient to permit a claim under *Jones*.

Thereafter, on September 14, 2021, the Fourth Circuit cryptically vacated this Court's decision and remanded the case "for further consideration in light of *Greer v. United States*, 141 S.Ct. 2090 (2021). This Court, having reread *Greer* several times, is frankly unsure of the purpose of the remand, especially in light of the Fourth Circuit's decisions in *Allen v. Dobbs*, No. 20-6471 (August 10, 2021), *Rhodes v. Dobbs*, No. 21-6373 (September 17, 2021), and *Asar v. Travis*, No. 20-7299 (September 20, 2021). In each of these case, the district court found that the petitioner could not satisfy the second prong of *Jones*, inasmuch as the crime remains a criminal offense. In each case, the Fourth Circuit affirmed. In *Rhodes* and *Travis*, the Court stated, "We have reviewed the record and, following the Supreme Court's decision in *Greer v. United States*, 141 S.Ct. 2090 (2021), find no reversible error."

Having reread *Greer*, this Court finds only additional reasons to deny petitioner's requested relief. Inasmuch as the petitioner did not properly preserve his claims, the standard of review is plain-error. *Id*. at 2096.

"'A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.' 'Rule 52(b) is permissive, not mandatory.' *United States v. Olano*, 507 U.S. 725, 735 (1993). To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements. *See Rosales-Mireles v. United States*, 138 S.Ct. 1897, 1904–1905 (2018). First, there must be an error. Second, the error must be plain. Third, the error must affect 'substantial rights,' which generally means that there must be 'a

4

reasonable probability that, but for the error, the outcome of the proceeding would have been different.' *Id*., at 1904–1905 (internal quotation marks omitted). If those three requirements are met, an appellate court may grant relief if it concludes that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.' *Ibid*. (internal quotation marks omitted); see also *Olano*, 507 U.S. at 735–737." *Id*. at 2096-97.

"The defendant has 'the burden of establishing entitlement to relief for plain error.' ***United States v. Dominguez Benitez***, 542 U.S. 74, 82 (2004). That means that the defendant has the burden of establishing each of the four requirements for plain-error relief. Satisfying all four prongs of the plain-error test 'is difficult." ***Puckett*** [***v. United States***], 556 U.S. 129, 135 (2009)." *Id*. at 2097.

"In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the ***Rehaif*** error, the outcome of the district court proceedings would have been different." *Id*.

5

This is especially true in this case. Mr. James was sentenced on his prior felony to a term of one to five years on November 28, 2006. He was paroled on October 6, 2007. On June 5, 2008, a warrant was issued for his arrest for violating the terms of his parole. A detainer is still pending. Given the above, it is inconceivable that he did not know that he was convicted of a felony.

Upon careful review of the above, it remains the opinion of this Court that the **Report and Recommendation [Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report and herein. Accordingly, petitioner's objections **[Doc. 10]** are **OVERRULED**. This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** November 8, 2021

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE